1

HON. RICARDO S. MARTINEZ

2

3

4

5

6

7                  UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9   ARCH INSURANCE COMPANY,                    )
                                               )
10                                             )   NO. C09-0602
                    Plaintiff,                 )
11                                             )
                                               )
12       v.                                    )   ARCH INSURANCE
                                               )   COMPANY'S RESPONSE TO
13   SCOTTSDALE INSURANCE COMPANY,             )   SCOTTSDALE INSURANCE
     a foreign corporation; and NORTHWEST TOWER)   COMPANY'S MOTION TO
14   CRANE SERVICE, INC.,                      )   COMPEL AND ENFORCE
     a Washington corporation                  )   SUBPOENAS
15                                             )
                                               )
16                  Defendants.                )   Note for Motion Calendar:
                                               )   May 28, 2010
17                                             )
                                               )
18   _____)

19
                 I.    INTRODUCTION AND RELIEF REQUESTED
20

21           Plaintiff Arch Insurance Company ("Arch") hereby responds to the Motion of

22   Defendant Scottsdale Insurance Company ("Scottsdale") to Compel and Enforce

23   Subpoenas. Arch denies that there is any basis in law or fact for the Defendant to require

24   the production of the requested documents and information. Arch therefore requests that

25
     Scottsdale's motion be denied.
26

27

28

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 1
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900**
**Seattle, Washington 98101-3028**
**(206) 223-1313**

## II.   FACTS

Arch brought this suit following its defense of Lease Crutcher Lewis ("LCL") in several Underlying Actions,[1] now settled, that involved the November 2006 collapse of a tower crane in Bellevue, Washington. The collapse occurred during construction of the "Tower 333 project,"[2] causing one fatality and damage to several buildings. Arch's Named Insured, LCL, was the general contractor for this project.[3] Northwest Tower Crane Service, Inc. ("NWTC") was a subcontractor that worked for LCL in the capacity of erecting, testing and dismantling the crane that fell.[4] Scottsdale had issued a general liability insurance policy to NWTC, under which LCL qualified as an additional insured.[5] According to the Scottsdale policy, it would be primary over any other policy for an additional insured, such as LCL.[6]

On December 16, 2008, Arch tendered the defense and indemnity of LCL in the underlying lawsuits to both NWTC and Scottsdale.[7] Scottsdale responded on January 9, 2009,[8] denying any duty to defend LCL. Following the resolution of the cases against LCL,

---

[1] "Underlying Actions" means those lawsuits brought against Arch's named insured (and Scottsdale's Additional Insured) Lease Crutcher Lewis, and others. *See* First Amended Complaint in Consolidated Action, Declaration of Jacquelyn Beatty ("Beatty Dec.") (Ex. 1).

[2] *Id*. at 2.2

[3] *Id*. at 1.6.

[4] NWTC Subcontract, Beaty Dec. (Ex. 2).

[5] Scottsdale Policy, Beatty Dec. (Ex. 3 at CG 20 33 10 01).

[6] *Id*. at CG 20 33.

[7] Tender letter, Beatty Dec. (Ex. 4).

[8] Scottsdale Response to Tender Letter, Beatty Dec. (Ex. 5).

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

Arch brought this suit seeking equitable contribution from Scottsdale for the expenses incurred in defending LCL.

Subsequently, Scottsdale issued discovery requests to Arch, including a request for its entire underwriting file. Arch produced hundreds of documents in response, but withheld or redacted as appropriate in order to protect attorney-client privileged and work-product protected information. Scottsdale subsequently filed this motion.

### III.   ISSUES PRESENTED

1. Whether Arch should be compelled to produce documents that have not been placed "at issue" according to the "Hearn" doctrine, and are protected by either the attorney-client privilege or work-product.

2. Whether Arch's "panel counsel" rates should be protected as trade secrets when requested by a competitor and not relevant to the case.

3. Whether Arch properly responded to discovery requests for information that Scottsdale could gain from information already in its possession.

### IV.   EVIDENCE RELIED UPON

Arch relies upon the Declaration of Jacquelyn A. Beatty ("Beatty Dec.") and the exhibits attached thereto, and upon certain other documents on file with this Court as specifically identified herein.

### V.   ARGUMENT AND AUTHORITIES

Arch insurance is entitled to withhold the disputed documents from discovery as they are subject to the attorney-client privilege and/or the work-product doctrine. LCL, the holder of the privilege and which does not waive the privilege, has not placed the documents "at issue" and Scottsdale has failed to demonstrate why such documents are needed, thus the *Hearn* Doctrine does not require their disclosure. Regarding Scottsdale's

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 3
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

second argument, Arch's counsel panel rates are its own business and a trade secret, and thus entitled to protection from its competitor, Scottsdale, who has failed to demonstrate a need for them. Finally, it is appropriate for Arch to require that Scottsdale use its own resources to massage the billing and payment information it has received into the format Scottsdale desires.

A.   *Arch Should not be Compelled to Produce Documents That Have not Been Placed "at issue" According to the* Hearn *Doctrine, and are Protected by Either the Attorney-Client or Work-Product Privilege.*

The attorney client privilege is one of the strongest privileges recognized in our legal system. It has been referred to as a vital protection for the benefit of clients, and in that sense "in the public interest." *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) (observing that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice"). This public policy of "paramount importance" is embodied in evidentiary rules, state and federal statutes, and in the rules that govern the very profession of law.  *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1080-1081 (9th Cir. 2007) (*quoting* In re Jordan, 500 P.2d 873, 879, 7 Cal. 3d 930, (Cal. 1972)). What this case law, taken from the Ninth Circuit Court of Appeals and the Supreme Court of the United States, makes clear is that the attorney-client and work product protections are broad and important protections. This, of course, is contrary to Scottsdale's assertion that these protections must be narrowly construed, which it supported by citing a Minnesota District Court applying Minnesota law. *Lumber v. PPG Indus., Inc.*, 168 F.R.D. 641, 644 (D. Minn. 1996).

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 4
#753298 v1 / 32798-006

*Law Offices*
KARR · TUTTLE · CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

1      1.     Arch is Entitled to Withhold Privileged Communications and Work Product
Because it has not Placed the Documents "at issue".

Scottsdale's counsel cites the *Hearn* doctrine as a basis for compelling the disclosure of protected or privileged documents. Under *Hearn*, a party may be compelled to divulge privileged information if the following elements are met:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975).

Here, all three elements cannot be met by Scottsdale, thus the *Hearn* doctrine should not apply. First, the privilege belongs to LCL, who is not a party to this suit. LCL has not made an affirmative action in this suit, thus it cannot be said to have placed these items "at issue."

Second, the protected information is not relevant to this case. This case centers around a single issue, whether Scottsdale breached its duty to defend LCL by failing to acknowledge LCL as an additional insured under its insurance policy issued to NWTC. Scottsdale's defense to this claim is that LCL is not an additional insured. To prove whether or not LCL is an additional insured, the substance of emails and discussions regarding billing and trial strategy are not germane. Scottsdale claims that it needs the un-redacted billing information because Arch is seeking reimbursement for those fees. However, Scottsdale fails to go beyond that conclusory statement to explain their need. Courts on a regular basis rule that one party must pay the attorneys' fees of another party without

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 5
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

requiring the disclosure of privileged information. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (using the lodestar method to calculate fees). Scottsdale has failed to demonstrate why such a determination of the reasonableness of attorneys' fees would not be appropriate here.

Finally, application of the privilege will not deny Scottsdale access to information vital to its defense. This third element under the *Hearn* doctrine has been re-characterized by the Ninth Circuit Court of Appeals as referring to whether withholding the documents would be "manifestly unfair" to the opposing party. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (*citing Hearn*, supra). This inquiry is virtually the same as the discussion above. The withheld documents are neither relevant nor necessary to the issue of LCL's insured status under Scottsdale's policy. Thus Scottsdale cannot prove that it would be "manifestly unfair" to withhold these documents and fails to establish the third and final requirement under the *Hearn* doctrine.

> 2.    The Attorney-Client Privilege and Work Product Doctrine Apply in the Subsequent Litigation.

Scottsdale's counsel does not solely rely on the *Hearn* doctrine to argue for compelling production, but also attempts to argue the privileges and protections do not apply. Scottsdale argues that the work product privilege does not apply because the documents were (1) prepared for purposes of prior litigation, and (2) were not prepared by an adversary in that litigation. This argument fails because it ignores the context and later language of the opinion it relies on for its argument. Scottsdale then argues that the attorney-client privilege does not protect the billing sheets because they were not made for

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 6
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

the purpose of obtaining legal advice. In making this assertion, Scottsdale misunderstands the scope of the attorney-client privilege, which applies to information that "directly or *indirectly* reveal[s] communications of a confidential nature by the client to the attorney." *In re Fischel*, 557 F.2d 209, 212 (9th Cir. 1977) (emphasis added).

Regarding Scottsdale's work product argument, it claims that the protection should not apply here because neither "Dynan, Gallagher, nor Phillips" are parties to this litigation.[9] Scottsdale's counsel relies on an unpublished case, which it claims held that the privilege does not apply when the information "(1) is being requested as part of subsequent litigation and (2) was prepared by a third party which is not a party to this litigation." *Tubar v. Clift*, 2007 WL 30872, *3 (W.D. Wash. Jan 4, 2007). However, the court in *Tubar* went on to clarify that its holding referred to a case where the attorney was involved in litigation "between entirely different parties . . and that the litigation has concluded." *Id.* at 5-6. The court then stated that "the critical factor is . . . that the parties to the earlier litigation are not parties here." *Id.* at 6. The court referred to the statutory definition of the term "parties" found in the relevant statute, Federal Rule of Civil Procedure 26(b)(3), which includes "those responding to discovery requests." Here, those responding to discovery requests include LCL, a party to the previous suit. Even absent this definition, these are not entirely different parties, some are the exact same (i.e. NWTC), while the others are in privity with those parties (LCL and its insurer, Arch;  NWTC and its insurer, Scottsdale). Further, the second factor used by the court has not occurred, the other litigation is not concluded, and is in on appeal—LCL and NWTC are still adverse to each

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 7
#753298 v1 / 32798-006

*Law Offices*
KARR · TUTTLE · CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

other.   Thus, the work product privilege still applies, especially because NWTC and Scottsdale could use the information against LCL in their ongoing dispute.

Scottsdale's argument that billing statements and invoices are not made for the purpose of securing legal advice sorely misinterprets the broad public interest in the preservation of the attorney-client privilege. *See Upjohn*, 449 U.S. 383 at 389.   But in any case, those bills and invoices have been produced long ago, with just a handful of minor redactions of statements reflecting attorney thought processes.  It is in light of this broad public interest that the privilege applies to information that "directly or *indirectly* reveal communications of a confidential nature by the client to the attorney." In re Fischel, 557 F.2d at 212 (emphasis added). Here, the billing sheets and invoices, in some instances, indirectly reveal privileged communication, thus limited redaction was entirely appropriate.

B.   *Arch's "Panel Counsel" Rates Should be Protected as Trade Secrets When Requested by a Competitor.*

Scottsdale claims that Arch should be compelled to reveal its counsel panel rates because it is needed by Scottsdale to determine if it was prejudiced by Arch's late tender. It is true that an insurer may be relieved of its duty to defend if an insured tendered late, prejudicing the insurer. *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 422 (2008). However, the "late tender" rule does not apply to claims of equitable contribution. *Id.* at 423 (explaining that "when an insurer brings a contribution claim against another insurer, the first insurer has already fully covered the loss and the danger to the public has been avoided"). Nor does Scottsdale explain how a list of attorneys and their billing rates

[9] *See* Scottsdale's Motion at 8.

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 8
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

would help it establish prejudice.  Is Scottsdale suggesting that Arch could and should have hired the least expensive attorney on Arch's list to defend a complex case against a high profile, sophisticated insured?  The question of whether the fees and expenses Arch paid to defend LCL were reasonable and necessary begins with whether the billing rate was a reasonable one in this community.  That can be determined without knowing what other attorneys Arch employs in this jurisdiction, and who costs the least.

C.      *Arch Properly Responded to Discovery Requests for Information That Scottsdale Could Gain From Other Information Already in its Possession.*

Finally, Scottsdale argues that Arch should be compelled to compile billing and payment information in the manner and form Scottsdale requests and not just provide the information itself. This is simply not the law. It is accepted that when the burden of deriving or ascertaining the answer to a discovery request would be substantially the same for either party and the appropriate records or documents have been given to the requesting party the opposing party is under no obligation to do the compilations. *See* Fed Rules Civ Proc 33; *see also Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91, 93 (N.D. Ill. 1973). Here, Scottsdale's counsel makes a general allegation, supported by one vague example that does not clearly illustrate why Arch's answer was insufficient. Further, Scottsdale fails to address why compilation of the requested information is not substantially the same for either party.  Arch should not have to do Scottsdale's work for it.

## VI.   CONCLUSION

Arch should not be compelled to produce the materials Scottsdale seeks. The requested documents are privileged and have not been placed "at issue" by LCL, the holder

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 9
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

of the privilege, they are not germane to LCL's insured status on Scottdale's policy, and are not needed for this court to discern whether the fees and expenses that were paid by Arch are reasonable and necessary. Further, the "panel counsel" rates sought by a competing insurer are not germane to the issue of whether Scottsdale was prejudiced by what it claims is a late tender.  Finally, Arch has no duty to compile the billing and payment information that it has produced in the particular format Scottsdale prefers. For these reasons, Arch requests that Scottsdale's motion be denied.

DATED this 24th day of May 2010.

s/Jacquelyn A. Beatty
Jacquelyn A. Beatty, State Bar Number 17567
Daniel J. Bugbee, State Bar Number 42412
KARR TUTTLE CAMPBELL
Attorneys for Arch Insurance Company
1201 Third Avenue, Ste. 2900
Seattle WA 98101
Telephone Direct: (206) 224-8090
Fax: (206) 682-7100
E-mail: jbeatty@karrtuttle.com

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 10
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313

DECLARATION OF SERVICE

I hereby certify that on May 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

s/Jacquelyn A. Beatty
State Bar Number 17567
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
Telephone: 206-223-1313
Fax: 206-682-7100
E-mail:  jbeatty@karrtuttle.com
Attorneys for Plaintiff Arch Insurance Company

Mark P. Scheer
Levi L. Bendele, III
SCHEER & ZENDER LLP

mscheer@scheerlaw.com
lbendele@scheerlaw.com

Jay Russell Sever
Micah Gautreaux
Phelps Dunbar LLC
severj@phelps.com
gautream@phelps.com,

Gary H. Branfeld
gary@branfeldlaw.com

RESPONSE TO MOTION TO COMPEL AND
ENFORCE SUBPOENAS - 11
#753298 v1 / 32798-006

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313