1
2
3
4
5
6                                                    Hon. Ricardo S. Martinez
                                                     Hearing Date: September 24, 2010
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10  ARCH INSURANCE COMPANY,            )   Cause No.: C09-0602 RSM
                                       )
11              Plaintiff,             )   RESPONSE OF MARK DYNAN TO
                                       )   MOTION FOR RECONSIDERATION
12      vs.                            )
                                       )
13  SCOTTSDALE INSURANCE COMPANY, a )
    foreign corporation; and NORTHWEST )
14  TOWER CRANE, a Washington corporation, )
                                       )
15                                     )
                Defendants.            )
16                                     )
                                       )
17

18                              **I.**
                         **FACTS & ISSUES**
19

20      Scottsdale Insurance Co., has filed a Motion for Reconsideration of this court's ruling

21  of denying Scottsdale's Motion to Compel (Docket No. 52). From the standpoint of Dynan, the

22  issues raised by Scottsdale, in its Motion for Reconsideration are:

23      1.  No attorney-client protection may exist as to contacts between Dynan and Arch, as

24          Arch was never the client of Dynan; and

25

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 1

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900   Seattle (206) 878-7385

2. Whether the attorney-client privilege was waived "in this situation because the attorneys' work is an element of the claimant's damages."

The remaining issues identified by Scottsdale do not concern Dynan and his client. Therefore, no further response will be made to these additional issues.

## II.
## ARGUMENT

**A.     Standing Issues:** Dynan has no direct stake in the outcome of this motion or in the outcome of this lawsuit. Rather, Dynan, as the appointed defense counsel for Lease Crutcher Lewis ("LCL") has been instructed by his client to fully maintain both the attorney-client privilege and the work product privilege held by his client.

**B.     Prior Response By Dynan:** Dynan has previously filed a response to Scottsdale's Motion to Compel (Docket No. 23). In addition, Dynan has submitted its own Motion for Protective Order (Docket No. 49). The arguments raised in these pleadings and in the declarations submitted in support of the Response to the Motion to Compel and the Motion for Protective Order are incorporated herein by this reference.

In its prior submissions Mr. Dynan provided this court with a detailed analysis of the application of both the attorney-client privilege and the work product privilege, to the facts and issues in case. In addition, this court's prior decision and order sets forth an appropriate analysis of the law in this area. There is no reason to further respond to the argument that there is no applicable privilege because Arch was not the client of Dynan.

Subsequent to this court's order of August 13, 2010, the deposition of Mr. Dynan was taken by counsel for Scottsdale. During this deposition there were a few occasions where Mr. Dynan refused to answer a question on the basis of the attorney-client and/or work product privileges. One would assume that had Scottsdale had issues with the assertion of the privilege

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 2

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900  Seattle (206) 878--7385

at this deposition, Scottsdale's counsel would have pointed out to this court the specific questions that were not answered and the reason why Scottsdale had a right to this information. Yet, Scottsdale does not avail itself of the opportunity to raise an issue as to these points. Rather it seeks a broad holding that privilege does not apply or has been waived in this case. For the reasons set forth herein it is clear that this is not the case.

C.  **Applicable Law:** It is well settled that in a lawsuit based on diversity, issues concerning the scope and application of the attorney-client privilege will be decided on the basis of state law and not federal law. *Bank Brussels Lambert v. Credit Lyonnais S.A.*, 210 FRD 506 (2002) and ER 501. However, even in cases based on diversity, matters of work product privilege will be decided on the basis of federal law. *Bank Brussels Lambert v. Credit Lyonnais S.A.*, 210 FRD 506 (2002) and FRCP 26(b)(3).

D.  **Common Interest Doctrine:** Scottsdale apparently argues that the disclosure of information by Dynan, as defense counsel for Lease Crutcher Lewis, to Arch, waives the attorney-client privilege. However, Scottsdale ignores the Common Interest Doctrine. Under this doctrine, there is no waiver of the attorney-client privilege by disclosure of privileged communications to third parties with a community of interest. A community of interest exists where different persons or entities "have an identical legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice." The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial. *NL Industries v. Commercial Union Ins. Co.*, 144 FRD 225 (1992). In the instant case, there is a clear community of interest between LCL and the insurer for LCL. Therefore, under the community of interest doctrine, the communications between the attorney for the insured and the adjusters should be fully protected.

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 3

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900 Seattle (206) 878--7385

Washington courts have also spoken on the relationship between an insurer and a defense attorney. In *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 386, 715 P.2d 1133 (1986) the court held that the attorney's duty is solely to the insured and not to the insurer. In *Barry v. USAA*, 98 Wash. App. 199, 989 P.2d 1172 (1999) the court held that there is a privilege as to communications between counsel for the insured and the insurer.

In *Continental Casualty Co. v. St. Paul Surplus Lines*, ___ FRD ___, 2010 WL 1266926 (E.D.Cal. 2010) the court held that under California law communications among retained defense counsel, the insured, and the insurer are protected by the attorney-client privilege when the insurer is defending the insured without reservation (since both the insurer and the insured are considered to be clients of the defense counsel). See also: *Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 FRD 567 (E.D.Cal.2002).

In *NL Industries v. Commercial Union Ins. Co.*, 144 FRD 225 (1992) the court held that FRCP 26(b)(3) establishes a qualified immunity from the discovery of work product. Such work product includes mental impressions, conclusions, opinions and legal theories done in preparation of litigation. The court then held that work product is not to be disclosed unless the party seeking discovery has shown a *substantial need* for the information, and has proven that the information is not obtainable elsewhere without undue hardship. In this case, Scottsdale has not even tried to show that it has a substantial need to review the communications between Dynan and LCL. Nor has it shown a substantial need to review the communications between Dynan and Arch. Rather, Scottsdale has the billings submitted to Arch for services rendered to LCL (while Arch was the insurer). The time entries and charges are unredacted. Only some of the narrative descriptions in the time records have been redacted. Scottsdale has not made any effort to show that it has a substantial need for the redacted portion of the billing records.

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 4

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900  Seattle (206) 878--7385

E.  **Hearn Doctrine Does Not Apply**: Counsel for Scottsdale argues that under the *Hearn Doctrine*[1] disclosure of materials which would otherwise be protected by privilege is required. The Hearn Doctrine requires disclosure of privileged materials and testimony where

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party to information vital to his defense.

*Hearn*, 68 F.R.D. at 581. Here, the asserting party (LCL) is not a party to this litigation. There is nothing that LCL has done to put the protected materials at issue in this case. Rather, the materials were put at issue by Arch. While Scottsdale may argue that it wishes to see the redacted records for its defense, it fails to show how the other two elements of *Hearn* have been satisfied. Therefore, this doctrine may not be applied to find that there was any form of waiver of the privileges.

Counsel for Scottsdale cites to a number of cases as support for its position. However, an examination of these cases quickly shows that they do not support the propositions asserted by Scottsdale. For instance, in *Aecon Buildings, Inc. v. Zurich North America*, 2008 WL 2434205 it was the client (Aecon) and not the insurer that filed the lawsuit and then placed the issue of the invoices into the controversy. In this case, it was Arch and not LCL that filed this lawsuit. This difference means that the entity that is asserting the privilege is *not* the party that placed the invoices into the controversy. Thus, the first element of the test set forth by Judge Pechman has not been satisfied.

---

[1] *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash.1975).

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 5

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900   Seattle (206) 878-7385

Second, the invoices that pertain to the fees and charges made by defense counsel to Arch, have been provided to Arch. While some portions of the narrative description were redacted, the essential time and charges descriptions were not redacted. Scottsdale has not shown a compelling need for the unredacted billing records. If there was such a need, one would have expected Scottsdale to set forth the items that it needs to have clarified, so the issue could be properly framed for resolution by this court. Rather than doing so, Scottsdale has asserted an argument for a blanket waiver of both the attorney-client and the work product privileges. This argument is not supported by the *Aecon* case, *supra*.

In *Safeway Stores, Inc. v. National Union Fire Insurance Co.*, 1992 WL 486801 the *insured* sought reimbursement from its insurer. National Union argued that discovery into matters that would be covered by the attorney-client privilege or work product privilege was necessary in order to determine the proper allocation of fees between covered and no-covered claims. The court agreed and held that when the *insured* placed the fees *at issue* it effectively waived the privilege. Here, the fees were not placed at issue by the insured. Thus, the at issue doctrine will not apply. In addition, the fee statements which were submitted to Arch were also provided to Scottsdale (less some redactions). Once again, there is no showing of a need for more information than that which was provided to Scottsdale.

In *Potomac Electric Power Co., v. California Union Insurance Co.*, 136 FRD 1 (D.C., 1990) the court also found that it was certain acts by the insured which caused the court to invoke the "at issue" doctrine, so as to overcome the attorney-client privilege. Here, the insured is not the party that raised these issues. Therefore, the insured's privileges are still intact.

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 6

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900 Seattle (206) 878-7385

The *Truck Insurance Exchange v. St. Paul and Marine Insurance Co.*, 66 FRD 129 (1975) was decided at a time prior to the more recent cases that hold that by defending an insured, at the expense of the insurer, defense counsel does not become counsel to two separate clients. Rather, the courts of this state have held that there is a community of interest between the carrier and the insured's counsel. *Barry, supra.* Therefore, any implication that the records of Dynan are not privileged because he was paid by Arch and provided a defense for LCL is simply not in accord with Washington law.

## III.
## CONCLUSION

Mr. Dynan takes no position as to the burden of Arch to establish its claims against Scottsdale. Rather, it is Dynan's duty to preserve and to protect his client's privilege, at least until this court instructs him to do otherwise. In this case, Scottsdale does nothing to show a need for any additional access to billing or other defense records maintained by Mr. Dynan, on behalf of his client, LCL. Nor, does Scottsdale make any argument or provide anything for the record, that the billing records that have been provided are inadequate to meet its needs to defend against the claims of Arch. For these reasons, Mr. Dynan respectfully asks that this court deny Scottsdale's Motion for Reconsideration of its Motion to Compel Discovery.

Respectfully Submitted on this 13th day of September, 2010.

BRANFELD & ASSOCIATES, P.S.

By: _____
GARY H. BRANFELD
WSBA #6537
Attorneys for Mark Dynan

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page 7

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA 98467
(253) 472-2900  Seattle (206) 878-7385

## CERTIFICATE OF SERVICE

1  I HEREBY CERTIFY that on September 13, 2010, the foregoing Response of Mark Dynan to Motion for Consideration was filed electronically, with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ *Gary H. Branfeld*
Gary H. Branfeld
Branfeld & Associates, P.S.
5350 Orchard St. West, Suite 202
University Place, WA  98467
Tel:  (253) 472-2900
Fax: (253) 472-3545
Email: gary@branfeldlaw.com

Response of Mark Dynan to Motion For
Reconsideration
Case No. C09-0602RSM
Page  8

BRANFELD & ASSOCIATES, P.S.
5350 ORCHARD ST. WEST, STE. 202
TACOMA, WA  98467
(253) 472-2900  Seattle (206) 878--7385