UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTSDALE INSURANCE COMPANY, a foreign corporation; and NORTHWEST TOWER CRANE, a Washington corporation<br><br>　　　　　　　Defendant. | CASE NO. C09-0602 RSM<br><br>ORDER GRANTING DEFENDANTS' JOINT MOTION FOR DISQUALIFICATION |

# I. INTRODUCTION

This matter comes before the Court for consideration of a motion by Defendants Scottsdale Insurance Company and Northwest Tower Crane Service, Inc. ("Defendants") to disqualify Plaintiff's counsel from further participation in this matter. (Dkt. #59). Defendants assert that disqualification is required because the law firm representing Plaintiff formerly represented a named defendant, thereby creating a conflict. Plaintiff opposes the motion, arguing that the motion lacks merit under the applicable ethical rules. (Dkt. #64).

ORDER GRANTING DEFENDANTS' JOINT MOTION FOR DISQUALIFICATION - 1

## II. BACKGROUND

In November 2006 during the construction of the "Tower 333 project" in Bellevue, Washington, a crane collapsed causing one fatality and extensive property damage. Lease Crutcher Lewis ("LCL"), Plaintiff Arch's insured, was the general contractor on this project. LCL employed Northwest Tower Crane Service, Inc. ("NWTC") as a subcontractor on the project to erect, test, and dismantle the crane that collapsed. NWTC had a general liability insurance policy with Scottsdale Insurance Company ("Scottsdale") at the time of the collapse. As alleged in this suit, LCL qualified as an "additional insured" under the Scottsdale policy and that policy is primary over any other policy for the additional insured, causing Scottsdale to be responsible to defend and indemnify LCL.

Arch tendered the defense of LCL to NWTC and Scottsdale. Scottsdale denied any duty to defend LCL. Arch defended LCL and now seeks equitable contribution from Scottsdale for defense costs.

NWTC and Scottsdale have now brought a Joint Motion for Disqualification of Plaintiff Arch's counsel, Karr Tuttle Campbell, alleging a violation of the applicable ethical rules. In August 2010, while the suit over defense costs was still pending, a Scottsdale employee's review of billing records revealed that bills paid by Scottsdale on behalf of NWTC were paid to Karr Tuttle Campbell. Specifically, attorney E. Pennock Gheen had represented NWTC regarding underlying claims while at the law firm of Bullivant Houser Bailey, PC and continued to represent NWTC after moving to Karr Tuttle Campbell until September 2007. (Dkt. #59 at 2). Therefore, Karr Tuttle Campbell formerly represented NWTC. Karr Tuttle Campbell is now representing Arch in its suit against both its former client, NWTC, and Scottsdale.

## III. DISCUSSION

This Court is primarily responsible for controlling the conduct of lawyers practicing before it. *See, e.g.*, *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir.1980). In deciding whether to disqualify counsel, the Court looks to the local rules regulating the conduct of the members of its bar. *United States ex rel. Lord Elec. Co. v. Titan Pac. Constr. Corp.*, 637 F.Supp. 1556, 1560 (W.D.Wash.1986) (citing *Paul E. Iacono Structural Engineer, Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir.1983)). According to the Local Rules of this court, attorneys practicing in this district, including attorneys practicing *pro hac vice*, shall abide by the Rules of Professional Conduct promulgated by the Washington State Supreme Court. District courts have broad discretion in interpreting and applying their local rules. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir.1983)

The issue in the case at hand involves Karr Tuttle Campbell's former representation of NWTC, which is a named defendant along with Scottsdale in the current suit. In the current suit, Karr Tuttle Campbell represents Plaintiff Arch. Therefore, Karr Tuttle Campbell is suing a former client. Conflicts involving former clients are governed by RPC 1.9.

RPC 1.9(a) states that: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person on the same or a *substantially related* matter in which that person's interests are *materially adverse* to the interests of the former client unless the former client gives informed consent, confirmed in writing." (emphasis added). In this case, the former client, NWTC, is a named defendant in the current suit. As such, the interests of NWTC are materially adverse to the interests of the current client. RPC 1.9, Comment 2. However, the primary issue that must be addressed in this Motion for Disqualification is whether the matter in

ORDER GRANTING DEFENDANTS' JOINT MOTION FOR DISQUALIFICATION - 3

1 which Karr Tuttle Campbell represented the former client is substantially related to the current
2 matter.

3 According to Comment 3 of RPC 1.9, matters are "'substantially related' for purposes of
4 this rule if they involve the same transaction or legal dispute or if there otherwise is a substantial
5 risk that confidential factual information as would normally have been obtained in the prior
6 representation would materially advance the clients position in the subsequent matter." The first
7 action where Karr Tuttle Campbell represented NWTC involved the matter of the underlying tort
8 claims for the damage that resulted from the crane collapse. The second action, and the one
9 presently before this Court, involves the matter of allocating the cost of defending LCL between
10 NWTC's insurer, Scottsdale, and LCL's insurer, Arch. Despite the divergent natures of these
11 two actions, both suits arose from same transaction – the collapse of the crane. Arch, and its
12 counsel, Karr Tuttle Campbell, initiated the suit against Scottsdale and NWTC, and made the
13 decision to include NWTC as a defendant while all along having formerly represented NWTC.
14 Because the two actions in which Karr Tuttle Campbell represented NWTC arose from the same
15 event, the Court deems that the two actions are substantially related under RPC 1.9.

16 During the course of Karr Tuttle Campbell's representation of NWTC, Karr Tuttle
17 Campbell conducted interviews with NWTC and its employees, made recommendations
18 regarding strategy, and assisted with the selection of experts. (Dkt. #61, Ex. 1 ¶9). These facts
19 pertaining to the former representation of NWTC are sufficient to provide "the appearance of the
20 possibility that confidential information was disclosed. The prohibition against attorneys 'side
21 switching' is based both on the RPC prohibiting the disclosure of confidences and also on the
22 duty of loyalty the attorney owes his or her clients." *Sanders v. Woods*, 89 P.3d 312, 315 (2004).
23 Moreover, Washington Courts have held that the plain language of RPC 1.9 does not require
24

actual proof of disclosure of confidential information if the matters are substantially related. *Teja v. Saran*, 846 P.2d 1375, 1379 (1993). Therefore, a former client need not prove that confidential information was actually divulged. *Id.*

### IV. CONCLUSION

The Court finds that disqualification, although a drastic remedy, is necessary to preserve the integrity of this litigation and protect the public interest in strict application of the Rules of Professional Conduct. It is also necessary to protect the interests of clients in the loyalty of their attorneys. Accordingly, Defendants' Joint Motion for Disqualification (Dkt. #59) is GRANTED.

Furthermore, Arch's Motion to Strike (Dkt. #72) all argument after page six of Defendants' Joint Reply is GRANTED pursuant to CR 7(e)(4), which states that motions noted under CR 7(d)(3) shall not exceed six pages. The Motion to Strike is DENIED as to the reply declarations of David Weber and Wendy Clark.

Dated October 27, 2010.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER GRANTING DEFENDANTS' JOINT MOTION FOR DISQUALIFICATION - 6